James Edward ALLEN, Jr., Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–87–583.

Court of Criminal Appeals of Oklahoma.

Sept. 19, 1988.

Johnie O'Neal, Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, James Edward Allen, Jr., was convicted in the District Court of Tulsa County, Case No. CRF–86–2820, of two counts of Possession of a Controlled Dangerous Substance With Intent to Distribute, After Former Conviction of Two or More Felonies. He was sentenced to imprisonment for forty (40) years on each count, to be served consecutively, and he brings this appeal.

The unique facts of this case require reversal on appellant's third assignment of error. During its case in chief, the State presented the testimony of a sheriff's officer that he had seen appellant, who was incarcerated in the Tulsa County jail, pass a package wrapped in aluminum foil to another prisoner. The officer had the second prisoner come into the office, and then sent him back to retrieve the package, which had been discarded in the trash. When the officer received the package, he opened it and discovered several pills. A forensic chemist determined that thirty-six of the pills contained hydromorphone, a schedule two drug, and twenty-five pills contained diazepam, a schedule four drug. Both appellant and the other prisoner were charged in connection with the incident, and each was bound over for trial after preliminary hearing. However, on the day before trial, charges against the second prisoner were formally dropped.

At trial, appellant sought to show that he was unaware of the contents of the package at the time that he passed it to the other prisoner. To support this theory, he presented the testimony of a female jail inmate. She testified that she had seen the aluminum foil package sliding across the floor from a stair well. Appellant had picked up the package and asked if it belonged to her. When she said no, appellant turned to the other prisoner, dropped the package in his lap, and told him to throw it

away. The contents of the package were not visible at any time during this course of events.

The State brought the second prisoner to the stand in rebuttal to show appellant's guilty knowledge. He testified that after he had retrieved the package from the trash, appellant told him they would "get busted" if he took it into the office. He also testified that appellant had asked him to "stick with his side of the story" and all of the charges would be dropped. He denied that the State had made any "deal" with him to obtain his testimony.

The State's final witness was the assistant district attorney who had handled the case until the day before trial. On direct examination concerning the second prisoner, he was asked,

[Prosecutor]: What did you ultimately do to his case?

A: I dismissed the case against him.

Q: And could you tell the jury why?

[Defense counsel]: Object to relevance, Your Honor.

The Court: Overruled. You may answer.

A: In my opinion, he wasn't guilty of the crime, *and I'm not going to prosecute someone that's not guilty.*

(Emphasis added.)

A timely objection was again interposed, defense counsel arguing that the testimony was overly prejudicial inasmuch as it implied that the assistant district attorney believed appellant was guilty. The objection was overruled. The prosecutor refered to this testimony during his closing argument, adding himself to the guilt/innocence determination. Another objection was raised and overruled.

▮ It is well settled that a prosecutor should refrain from expressing his personal opinion as to the guilt or innocence of a criminal defendant. ABA Standards for Criminal Justice, § 3–5.8(b). Taken in context, the implication of the testimony and argument in this case clearly disclosed the prosecutors' personal opinions concerning appellant's guilt and tended to improperly bolster the credibility of the second prisoner. That prisoner's testimony was necessary to establish appellant's guilty knowledge. The errors occuring in this case deprived appellant of a fair trial and constituted "a substantial violation of a constitutional or statutory right." 20 O.S.1981, § 3001.1. Accordingly, the case must be REVERSED and REMANDED to the District Court of Tulsa County for a new trial.

BRETT, P.J., and PARKS, J., concur.